**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William J Myers, Jr., <br><br>            Plaintiff, <br><br> v. <br><br> Leah S Freed, <br><br>            Defendant. | No. CV-19-05683-PHX-SMB <br><br> **ORDER** |

Pending before the Court is Plaintiff's Second Motion for Relief from Judgment, (Doc. 39.), and responsive motions, (Doc. 41, 43.) Also pending before the Court is Plaintiff's Notice of Supplemental Authority, (Doc. 42.) After due consideration, the Court rules that Plaintiff's Motion for Relief be denied, that Plaintiff's Notice of Supplemental Authority be struck as improper, that the Plaintiff's reply be struck as untimely.

## I.     Plaintiff's Notice of Supplemental Authority

The purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it; it is not a venue for submission of additional argument or factual evidence. *See Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. 2014) ("Filing a notice of supplemental authority to inform the Court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings."); *see also Hagens Berman Sobol Shapiro LLP v. Rubinstein*, 2009 U.S. Dist. LEXIS 104619, at *3 (W.D. Wash. Oct. 22, 2009) (notice of supplemental

1  authority improper "because it contained argument regarding the case" submitted for the

2  court's review).

3       Plaintiff's Notice of Authority contains no new judicial opinion for the Court's

4  consideration. Instead the entire document consists purely of factual assertions the Plaintiff

5  argues to be true. From beginning to end Plaintiff uses his filing as "an improper occasion

6  to argue outside the pleadings." *Nichols*, at 996 n.3. As such the Court will not consider

7  Plaintiff's Notice.

8       **II.    Plaintiff's Motion for Relief from Judgement Under Rule 60(d)(3)**

9       Rule 60(d)(3) motions for fraud on the Court are subject to a "high standard." *United*

10 *States v. Sierra Pacific Indus., Inc.*, 862 F.3d 1157, 1171 (9th Cir. 2017). To prevail, the

11 movant must establish fraud by clear and convincing evidence. *United States v. Estate of*

12 *Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). "In determining whether fraud constitutes

13 fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the

14 opposing party, but whether it 'harmed the integrity of the judicial process." *Sierra*, 862

15 F.3d at 1167-68 (internal quotations omitted). The fraud must be an "intentional, material

16 misrepresentation" that "involve[s] an unconscionable plan or scheme which is designed

17 to improperly influence the court in its decision." *Id.* (quoting *In re Napster, Inc. Copyright*

18 *Litig.*, 479 F.3d 1078, 1097 (9th Cir. 2007); *Pumphrey v. K.W. Thompson Tool Co.*, 62

19 F.3d 1128, 1131 (9th Cir. 1995)). The relevant misrepresentations must go "to the central

20 issue in the case," *Sierra*, 862 F.3d at 1168 (quoting *Estate of Stonehill*, 660 F.3d at 452),

21 and must "affect the outcome of the case," *Id*. In other words, the newly discovered

22 misrepresentations must "significantly change the picture already drawn by previously

23 available evidence." *Id.* Perjury may constitute fraud on the court if it "involves, or is

24 suborned by, an officer of the court." Finally, relief for fraud on the court is available only

25 where the fraud was not known at the time of settlement or entry of judgment. *Id*.

26       Here, for a myriad of reasons Plaintiff's motion fails to meet this standard. The

27 central assertion in Plaintiff's motion is that, "In Plaintiff's original case, Case No. CV12-

28 01964…[the Defendant] fabricated and submitted…Freescale's Statement of Undisputed

Facts…" (Doc. 39 at 2-3.) The Plaintiff's motion does not go to the "central issue" of the judgment from which Plaintiff seeks relief. Plaintiff is asking for relief from this Court's judgment granting a Motion to Dismiss for Lack of Jurisdiction. (Doc. 10.) Yet the Plaintiff makes no explanation how a document submitted in a past case could have affected this Court's resolution on the issue of its jurisdiction. Additionally, the Plaintiff's allegations of fraud were "known at the time of judgment." A motion under Rule 60(d)(3) is only available where the alleged "fraud was not known at the time of settlement or entry of judgment." *Sierra*, 862 F.3d at 1168. Plaintiff has made absolutely sure that is not the case here. The fraud alleged by the Plaintiff was the subject of his original complaint in this action. (Doc. 1.) Indeed, as the Defendant points out, this case is not even the first time the Court has investigated Plaintiff's allegations. (Doc. 41. at 2.) Plaintiff has raised this issue before the Court on at least three separate occasions prior to filing this action. (Doc. 10. at Ex.'s 4; 10; 25.) As such, Plaintiff has not met their burden of showing relief from judgment is appropriate.

### III.    Plaintiff's Untimely Reply

Even having resolved the underlying motion, the Court will take a moment to specifically address Plaintiff's untimely reply to Defendant's response. Under Local Rule of Civil Procedure 7.2(d), "The moving party, unless otherwise ordered by the Court, and except as otherwise provided by [LRCiv 12.1; 56.1], shall have seven (7) days after service of the responsive memorandum to file a reply memorandum if that party so desires." The Plaintiff here has missed that timeline by quite a margin. Defendant filed their response to Plaintiff's Motion on May 27, 2020. Yet Plaintiff filed his reply, not within the seven-day window, but more than one hundred days later, on October 1, 2020. As such the untimely nature of the reply would merit this Court in striking it.

### IV.    Defendant's Request for Attorneys' Fees

Defendant requests attorney fees pursuant to 28 U.S.C. § 1927.  That section says: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

1   vexatiously may be required by the court to satisfy personally the excess costs, expenses,
2   and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This
3   motion was filed after the Court had already denied a motion to reconsider the Court's
4   order dismissing this action.  This motion had no merit and caused Defendant to incur more
5   attorney's fees unnecessarily[1].  However, the Court has already sanctioned the Plaintiff for
6   this matter and declines to enter any further award at this time.

7   **V.     Conclusion**

8   **For the reasons discussed above,**

9         **IT IS ORDERED** that Plaintiff's Notice of Supplemental Authority, (Doc. 42.) **be**
10  **stricken** from the record.

11        **IT IS FURTHER ORDERED** that Plaintiff's Reply to Defendant's Response
12  (Doc. 43.) **be stricken** from the record;

13        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgement
14  (Doc. 39.), is **denied**.

15        Dated this 13th day of October, 2020.

16
17
18
19                                    Honorable Susan M. Brnovich
                                      United States District Judge
20
21
22
23
24
25
26
27
28  ---
    [1] The Court has previously awarded sanctions in this case and outlined Plaintiff's bad faith
    behavior in that order (Doc. 36).